UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                        :
   UNITED STATES OF AMERICA,                            :
                                       Plaintiff,       :
                                                        :          16 Cr. 526 (LGS)
                      -against-                         :
                                                        :              ORDER
   STEVEN WILLIAMS,                                     :
                                       Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**Background**

        WHEREAS, on November 5, 2020, Defendant filed a letter seeking compassionate

release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 89).  On November 21, 2020, the

Government filed a response in opposition (Dkt. No. 93) and e-mailed to Chambers Defendant's

Bureau of Prisons ("BOP") medical records per the Order dated November 11, 2020 (Dkt. No.

91);

        WHEREAS, Defendant was convicted of conspiring to distribute, and possess with the

intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine.  On

April 3, 2018, Defendant was sentenced to 150 months' imprisonment followed by 5 years of

supervised release (Dkt. No. 82);

        WHEREAS, the President of the United States has declared a national emergency due to

the spread of the COVID-19 virus;

**Exhaustion of Administrative Remedies**

        WHEREAS, 18 U.S.C § 3582(c)(1)(A) ("§ 3582") states,

        The court may not modify a term of imprisonment once it has been
        imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon
        motion of the defendant after the defendant has fully exhausted all administrative

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, Defendant states that he submitted a letter to the Warden of FCI Fort Dix requesting home confinement and requesting compassionate release. Defendant is mistaken. According to Defendant's Exhibit 1, on April 5 and 6, 2020, Defendant submitted, to "Ms. McCollum," "Counselor Silver," and the Warden, petitions (collectively, "April Petitions") "for immediate release to home confinement" due to the COVID-19 crisis. On May 15, 2020, Defendant submitted to "Ms. Brinson / Ms. Wright" an "INMATE REQUEST TO STAFF" form requesting an update regarding the April Petitions. The BOP denied the April Petitions on April 26, 2020;

WHEREAS, the Government represents that Defendant has not made any requests to the BOP regarding compassionate release, and has not administratively appealed the denial of release to home confinement;

WHEREAS, requests for home confinement and compassionate release arise from different statutory schemes. *See United States v. Vigna*, 455 F.Supp.3d 68, 73 (S.D.N.Y. 2020) (noting that an application for release to home confinement, under 18 U.S.C. § 3624(c), is entirely different from an application for compassionate release under § 3582). The April Petitions do not satisfy the exhaustion requirement of § 3582.

**"Extraordinary and Compelling Reasons"**

WHEREAS, even if Defendant had satisfied the exhaustion requirement of § 3582, his motion for compassionate release would fail on the merits;

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1-2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, the Centers for Disease Control and Prevention ("CDC") have identified that among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk, and that people of all ages with certain conditions are also at increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Increased Risk for Severe Illness* at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020). *See also U.S. v. Haney*, 19 Cr. 541, 2020 WL 1821988, at *6 (S.D.N.Y. Apr. 13, 2020);

WHEREAS, Defendant has not demonstrated the requisite extraordinary and compelling circumstances.  Defendant is fifty-year-old male who represents that he suffers from a particular underlying medical condition (which is not identified here for privacy purposes).  The BOP medical records indicate that the underlying medical condition is well managed, and Defendant's treatments for that condition are not causing any adverse effects; it is hereby

**ORDERED** that Defendant's motion for compassionate release is DENIED because he has not satisfied the exhaustion requirement of § 3582.  Even if Defendant had satisfied the exhaustion requirement, he has not demonstrated the extraordinary or compelling circumstances required to warrant his release.  *See United States v. Brady*, No. 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (denying compassionate release where conditions stable and managed in BOP facility).

Dated: December 1, 2020
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4