UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES OF AMERICA,

                                             16 Cr. 526 (LGS)
             -against-

                                             <u>ORDER</u>

   STEVEN WILLIAMS,
                           Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

      WHEREAS, Defendant was convicted of conspiring to distribute, and possess with the intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine. On April 3, 2018, Defendant was sentenced to 150 months' imprisonment followed by five years of supervised release. Dkt. No. 82.

      WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.

      WHEREAS, Defendant is confined at FCI Fort Dix ("Fort Dix") where, according to a BOP legal representative, as of January 14, 2021, there were 176 COVID-positive inmates and nineteen COVID-positive staff members. Dkt. No. 100.

      WHEREAS, on November 5, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 89) (the "Motion"), and such Motion was denied on the grounds that Defendant had not exhausted administrative remedies and the Motion did not demonstrate the extraordinary and compelling circumstances required to warrant his release. Dkt. No. 94.

WHEREAS, on January 11, 2021, Defendant tested positive for the COVID-19 virus. Dkt. No. 100.

WHEREAS, on January 12, 2021, Defendant filed a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A) (the "Renewed Motion").  Dkt. No. 98.

WHEREAS, on January 15, 2021, pursuant to the Court's January 12, 2021, Order (Dkt. No. 99), the Government filed an opposition to the Renewed Motion (Dkt. No. 100) and sent to Chambers a complete set of Defendant's updated BOP Medical records.

**Appointment of Counsel**

WHEREAS, the Renewed Motion includes a request that the Court appoint counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Criminal Justice Act ("CJA").  Dkt. No. 98.

WHEREAS, "[w]ith respect to post-conviction proceedings, the [CJA] provides that a district court may appoint counsel 'for any financially eligible person' when 'the interests of justice so require.'"  *Lopez-Pena v. United States*, No. 05 Cr. 191, 2020 WL 4450892, at *1 (S.D.N.Y. Aug. 3, 2020) (citing 18 U.S.C. § 3006A(a)(2)(B); *Jerez v. Bell*, No. 19 Civ. 2385, 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019).  "[T]here is no statutory right to counsel under the [CJA] in connection with a § 3582(c) motion, and [] the provision of such counsel should rest in the discretion of the district court."  *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (citing *United States v. Reddick*, 53 F. 3d 462, 464-65 (2d Cir. 1995)) (summary order); *accord United States v. Dussard*, No. 16 Cr. 673-2, 2020 WL 6263575, at *3 (S.D.N.Y. Oct. 23, 2020).  The merits of a motion for compassionate relief are a "significant factor in the exercise of that discretion."  *Reddick*, 53 F.3d at 465 n.2; *accord Dussard*, 2020 WL 6263575 at *3.

WHEREAS, the Renewed Motion does not explain why, at this time, counsel is necessary and in the interest of justice.

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . .

WHEREAS, the Renewed Motion states that on December 4, 2020, Defendant submitted a written Inmate Request to Staff Member form to the Warden of his facility, requesting compassionate release based on the imminent threat of death or serious bodily injury posed by the COVID-19 outbreak at Fort Dix, his underlying COVID-19 risk factors and the conditions of his confinement.  The Renewed Motion states that Defendant did not receive a response.  A copy of Defendant's Inmate Request to Staff Member form is attached to the Renewed Motion as Attachment A.  Dkt. No. 98.

WHEREAS, the Government represents that according to a BOP legal representative, Defendant's facility has no record of receiving Defendant's December 4, 2020, request for compassionate relief.  The Government also represents that the form provided as Attachment A to the Renewed Motion -- Inmate Request to Staff (BP-A0148) -- is not the appropriate form required by Fort Dix for a request for compassionate release.  Dkt. No. 100.

**"Extraordinary and Compelling Reasons"**

WHEREAS, even if Defendant had exhausted his administrative remedies, the Renewed Motion fails on the merits.

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that a court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1-2 (S.D.N.Y. Jan. 15, 2020).

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A).

WHEREAS, the Centers for Disease Control and Prevention ("CDC") have identified that among adults, the risk of severe illness from COVID-19 increases with age, with older adults at highest risk, and that people of all ages with certain conditions are also at increased risk of severe illness from COVID-19. *See Coronavirus Disease 2019 (COVID-19): People Who Are At Increased Risk for Severe Illness* at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

WHEREAS, courts in this district have declined to grant compassionate release to inmates who have tested positive for COVID-19, where the inmates did not exhibit a serious medical condition and were receiving medical care. *United States v. Zubkov*, 460 F. Supp. 3d 450, 454 (S.D.N.Y. 2020) (declining to grant compassionate release where inmate contracted

COVID-19 during confinement, did not exhibit a serious medical condition and was receiving proper medical attention); *United States v. Marley*, 16 Cr. 374, 2020 WL 7768406, at *3 (S.D.N.Y. Dec. 30, 2020) (declining to grant compassionate release where inmate had chronic kidney disease, hypertension and a mild case of COVID-19, and noting that "the risk of contracting COVID-19 after having recovered from an initial bout of the illness is very low"); *United States v. Hardy*, 11 Cr. 629-5, 2020 WL 7711676, at *2 (S.D.N.Y. Dec. 29, 2020) (denying compassionate release where inmate tested positive for COVID-19 but was receiving medical checks, did not have a fever and had normal vital signs).

WHEREAS, the Renewed Motion does not demonstrate the requisite extraordinary and compelling circumstances. Defendant is a fifty-year-old male who represents that he suffers from a particular underlying medical condition (which is not identified here for privacy purposes). The BOP medical records indicate that the underlying medical condition is well managed, and Defendant's treatments for that condition are not causing any adverse effects. In addition, the BOP medical records indicate that Defendant's COVID-19 symptoms are mild and that he is receiving medical treatment. It is hereby

**ORDERED** that Defendant's request for the appointment of counsel is **DENIED** as Defendant has already filed the Renewed Motion and has not demonstrated either a likelihood of success on the motion or that the appointment of counsel would serve the interests of justice at this time. It is further

**ORDERED** that Defendant's motion for compassionate release is **DENIED** because (1) Defendant has not exhausted his administrative remedies and (2) the Renewed Motion does not show extraordinary and compelling circumstances warranting a reduction in his sentence. Defendant's COVID-19 symptoms are mild, he has been quarantined and he is receiving medical care. *See United States v. Brady*, No. 18 Cr. 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15,

2020) (denying compassionate release where conditions stable and managed in BOP facility). Further, Defendant has served only one-third of his sentence and granting his motion for compassionate release would not serve the interests of promoting respect for the law and deterring similar illegal behavior in the future. *See United States v. Cook*, 13 Cr. 777, 2020 WL 7248973, at *2 (S.D.N.Y. Dec. 9, 2020) (declining to grant compassionate release amidst the COVID-19 pandemic, where Defendant had only served slightly more than one-third of his sentence and finding that release would "cut strongly against . . . promoting respect for the law, providing a just punishment, and deterring [defendant] and others from engaging in this type of behavior in the future").

Dated: January 19, 2021
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**