```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   UNITED STATES OF AMERICA,                                  :
                                                              :
                                                              :   16 Cr. 526 (LGS)
                         -against-                            :
                                                              :   ORDER
                                                              :
   STEVEN WILLIAMS,                                           :
                                          Defendant.          :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, pro se Defendant was convicted of conspiring to distribute, and possess with the intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine. On April 3, 2018, Defendant was sentenced to 150 months' imprisonment followed by five years of supervised release. Dkt. No. 82.

  WHEREAS, on November 5, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 89) (the "Motion"), and such Motion was denied on the grounds that Defendant had not exhausted administrative remedies and the Motion did not demonstrate the extraordinary and compelling circumstances required to warrant his release. Dkt. No. 94.

  WHEREAS, on January 11, 2021, Defendant tested positive for the COVID-19 virus. Dkt. No. 100.

  WHEREAS, on January 12, 2021, Defendant filed a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A) (Dkt. No. 98) (the "Renewed Motion") and, on January 19, 2021, the Court issued an Order denying the Renewed Motion on the grounds that Defendant had not exhausted administrative remedies and the Renewed Motion did not demonstrate the extraordinary and compelling circumstances required to warrant his release. Dkt. No. 102.

WHEREAS, on January 21, 2021, Defendant filed a letter timely requesting reconsideration of the Court's January 19, 2021, Order (the "Motion for Reconsideration").  Dkt. No. 103.

WHEREAS the Motion for Reconsideration asserts that (1) based on two prior decisions of the Court -- *United States v. Damian Campagna*, No. 16 Cr. 78-01, Dkt. No. 135 (S.D.N.Y. Mar. 27, 2020) and *United States v. Octavio Molina Acevedo*, No. 18 Cr. 365, Dkt. No. 121 (S.D.N.Y. June 17, 2020) -- there are similarly extraordinary and compelling reasons to modify Defendant's sentence, and (2) Defendant's written requests to the Warden satisfy his obligation to exhaust administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 103.

WHEREAS the Motion for Reconsideration also asserts that I have a duty to recuse myself pursuant to 28 U.S.C. § 455(a).  Dkt. No. 103.

WHEREAS, "the Federal Rules of Criminal Procedure do not provide for reconsideration motions, [but] such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d)."  *United States v. Daugerdas*, 2020 WL 4931988, at *1 (S.D.N.Y. Aug. 18, 2020).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Daugerdas*, 2020 WL 4931988 at *2.

WHEREAS, 28 U.S.C. § 455(a) states that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A judge must recuse herself when "an objective, disinterested observer [,] fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal."  *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008); *United States v. Donziger*, 19 Cr. 561, 2020 WL 2216556, at *3 (S.D.N.Y. May 7, 2020).  It is hereby

**ORDERED** that the Motion for Reconsideration is **DENIED**.  Defendant has not identified any new data or controlling precedent that would alter the conclusions reached.  The cases to which Defendant cites involve different facts and circumstances than those here.  *See United States v. Campagna*, No. 16 Cr. 78-01, Dkt. No. 135 (S.D.N.Y. Mar. 27, 2020) (decreasing defendant's sentence by four months where defendant had no prior criminal record and defendant had a severe medical condition); *United States v. Molina Acevedo*, No. 18 Cr. 365, Dkt. No. 121(S.D.N.Y. Mar. 27, 2020) (granting compassionate release where defendant was convicted of a nonviolent crime, had served the majority of his sentence and had several severe medical conditions).  Even if there were compelling circumstances warranting release, this Court does not have the authority to do so because Defendant has not exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A).  He did not file the required form and, although Defendant alleges he filed an Inmate Request to Staff form requesting that the Bureau of Prisons ("BOP") "consider[] [him for compassionate release" (Dkt. No. 98), the BOP never received this request.  *United States v. Cassidy*, No. 17 Cr. 116, 2020 WL 1969303, *2 (W.D.N.Y. Apr. 24, 2020) ("The exhaustion requirement is met if the defendant establishes either (1) that the [BOP] denied his or her request that it bring a compassionate-release motion . . . or (2) that the warden of the facility took no action on his or her request for the filing of a compassionate-release motion within 30 days of *receiving it*.") (emphasis added); *see also Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) (noting that the exhaustion requirement "must be strictly enforced").  Finally, the standard for recusal is not met here; the denial of requested relief on legal grounds is not a basis to impute a lack of impartiality or an unjust result.

The Clerk of Court is respectfully directed to serve a copy of this Order on pro se Defendant.

Dated: January 25, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**