```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   UNITED STATES OF AMERICA,                                  :
                                                              :
                                                              :   16 Cr. 526 (LGS)
                         -against-                            :
                                                              :   ORDER
                                                              :
   STEVEN WILLIAMS,                                           :
                                            Defendant.        :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pro se Defendant was convicted of conspiring to distribute, and possess with the intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine. On April 3, 2018, Defendant was sentenced to 150 months' imprisonment followed by five years of supervised release. Dkt. No. 82.

WHEREAS, on November 5, 2020, Defendant filed a letter seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 89) (the "Motion"), and such Motion was denied on the grounds that Defendant had not exhausted administrative remedies and the Motion did not demonstrate the extraordinary and compelling circumstances required to warrant his release. Dkt. No. 94.

WHEREAS, on January 11, 2021, Defendant tested positive for the COVID-19 virus. Dkt. No. 100.

WHEREAS, on January 12, 2021, Defendant filed a renewed motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A) (Dkt. No. 98) (the "Renewed Motion") and, on January 19, 2021, the Court issued an Order denying the Renewed Motion on the grounds that Defendant had not exhausted administrative remedies and the Renewed Motion did not demonstrate the extraordinary and compelling circumstances required to warrant his release. Dkt. No. 102.

WHEREAS, on January 21, 2021, Defendant filed a letter timely requesting reconsideration of the Court's January 19, 2021, Order (the "Motion for Reconsideration").  Dkt. No. 103.

WHEREAS the Motion for Reconsideration asserted that (1) based on two prior decisions of the Court -- *United States v. Damian Campagna*, No. 16 Cr. 78-01, Dkt. No. 135 (S.D.N.Y. Mar. 27, 2020) and *United States v. Octavio Molina Acevedo*, No. 18 Cr. 365, Dkt. No. 121 (S.D.N.Y. June 17, 2020) -- there were extraordinary and compelling reasons to modify Defendant's sentence, and (2) Defendant's written requests to the Warden satisfied his obligation to exhaust administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 103.

WHEREAS, on January 25, 2021, the Court issued an Order denying the Motion for Reconsideration on the grounds that Defendant did not identify any new data or controlling precedent that would alter the conclusions reached -- namely that, Defendant failed to (1) exhaust administrative remedies and (2) identify the extraordinary and compelling circumstances required to warrant his release.  Dkt. No. 105.

WHEREAS, on January 29, 2021, Defendant filed a second motion for reconsideration (the "Second Motion for Reconsideration"), requesting reconsideration of Court's January 19, 2021, and January 25, 2021, Orders.  Dkt. No. 108.

WHEREAS, the Second Motion for Reconsideration asserts that the Court should have conducted an evidentiary hearing to determine whether Defendant exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), but does not identify any data or controlling decisions that would impact the Court's finding that Defendant did not identify the extraordinary and compelling circumstances required to warrant his release (Dkt. Nos. 105 and 102).  Dkt. No. 108.

WHEREAS, "the Federal Rules of Criminal Procedure do not provide for reconsideration motions, [but] such motions are tacitly accepted in criminal cases in this District by virtue of Local

Crim. R. 49.1(d)." *United States v. Daugerdas*, 2020 WL 4931988, at *1 (S.D.N.Y. Aug. 18, 2020).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked  -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Daugerdas*, 2020 WL 4931988 at *2.  It is hereby

**ORDERED**, that the Second Motion for Reconsideration is **DENIED**.  A Court "may reduce the term of imprisonment" *only* if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Here, the Court found that the Renewed Motion did not show extraordinary and compelling circumstances warranting a reduction of Defendant's sentence (Dkt. No. 102), and that the Motion for Reconsideration did not identify data or controlling decisions that would impact this finding (Dkt. No. 105).  Because the Second Motion for Reconsideration does not address any data or controlling decisions that would impact the Court's findings as to this requirement, the Court need not consider exhaustion of administrative remedies and whether an evidentiary is required to assess whether Defendant filed the appropriate requests with the Bureau of Prisons.

The Clerk of Court is respectfully directed to serve a copy of this Order on pro se Defendant and to close the motion at Docket No. 108.

Dated: January 29, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**