**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 10, 2026

For substantially the reasons stated in this letter, Mr. Steven Williams' application for the early termination of his supervised release is DENIED. The Clerk of the Court is directed to terminate the motion at docket number 116 and to mail a copy of this Order to Mr. Williams.

Dated: September 22, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Steven Williams*, 16 Cr. 526 (LGS)**

Dear Judge Schofield:

The Government respectfully submits this letter in opposition to defendant Steven Williams's motion for early termination of supervised release. (Dkt. 115, 116). As described below, the Government opposes the defendant's request, because the defendant has provided no legitimate basis for early termination.

## I. Background

As the Court is aware, the defendant was convicted after trial of conspiring to distribute, and possess with the intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A). On April 3, 2018, the Court sentenced the defendant to a term of imprisonment of 150 months, to be followed by a mandatory term of supervised release of five years. (Dkt. 78 (Sentencing Tr.) at 30). In explaining its sentence, the Court described the defendant's criminal conduct as "very serious" and "troubling." (*Id.* at 25). The Court stated that the "conspiracy that was proven at trial went on for between six and seven years" and "was a regular activity that [the defendant] engaged in over the course of years resulting in 147 kilos, at least, of cocaine and 34 kilos of heroin coming to New York." (*Id.*). *See also id.* at 27 (noting that the defendant had not accepted responsibility).

The defendant was released from custody on or about December 20, 2024, and he is currently serving his term of supervision, which ends on or about December 19, 2029.

On or about August 31, 2026, the defendant filed his motion for early termination of supervised release. The defendant argued that early termination of his supervised release is

warranted because he (i) has served twenty months of supervised release "without a single violation of any kind," (ii) has maintained employment for over three-and-a-half years, (iii) has resided at the same address for 26 years, and (iv) has no restitution obligation. (Dkt. 116 at 1-2).

## II. The Court Should Not Prematurely Terminate the Defendant's Term of Supervised Release

### A. Applicable Law

A district court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Before ordering early termination, a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), which "address 'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)); *United States v. Bang*, No. 19 Cr. 213 (LJL), 2025 WL 2050702, at *1 (S.D.N.Y. July 22, 2025) (same).[1]

"The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant because early termination is not warranted as a matter of course." *United States v. Weiss*, No. 21 Cr. 457 (PMH), 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022). Such relief may "[o]ccasionally" be justified by, for example, "new or unforeseen circumstances," such as when "exceptionally good behavior by the defendant . . . render[s] a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. By contrast, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014). That is because "full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination." *Id.; see also United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."). Indeed, if being a "model probationer" and "present[ing] a low risk of recidivism, . . . standing alone, were sufficient to grant early termination, . . . the exception would swallow the rule." *United States v. Gonzalez*, No. 94 Cr. 134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). "In other words, compliance with release conditions does not, by itself, provide a basis for early termination of supervised release." *United States v. Mejia*, No. 13 Cr. 617 (KPF), 2025 WL 3779083, at *2 (S.D.N.Y. Dec. 30, 2025).

---

[1] Unless otherwise noted, case text quotations omit internal quotation marks, footnotes, citations, and previous alterations.

**III. Discussion**

The defendant's proffered justifications do not support early termination of his supervised release.

*First*, the defendant's adherence to the terms of his supervised release does not warrant early termination. Indeed, the principal argument the defendant offers in favor of early termination is that he has served twenty months of supervised release in "perfect compliance." (Dkt. 116 at 3). Yet as courts in this district have made clear time and again, "full compliance with the terms of supervised release is what is expected." *Rusin*, 105 F. Supp. 3d at 292. "[F]aithful compliance . . . does not, by itself, entitle [a defendant] to modification or termination of his term of supervision." *Id.* (collecting cases); *see also Mejia*, 2025 WL 3779083, at *2 (same); *United States v. Pena*, No. 08 Cr. 578 (JGK), 2022 WL 2733871, at *1 (S.D.N.Y. June 27, 2022) (same); *United States v. Sam*, No. 16 Cr. 184 (JGK), 2017 WL 455511, at *1 (S.D.N.Y. Jan. 20, 2017) (same); *United States v. Liriano*, No. 91 Cr. 908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (securing employment and compliance with terms of supervised release "is not the exceptional case warranting early termination of supervised release"); *United States v. Berrios*, No. 95 Cr. 84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (denying early termination of supervised release for defendant, where the court expressed pleasure with compliance, good attitude, and work ethic but noted that the defendant had "done nothing more than what is expected of all criminal defendants"). After all, if an "unblemished" record alone was enough to justify early release, "the exception would swallow the rule." *Medina*, 17 F. Supp. 2d at 247. While the Probation Office consents to the defendant's request for early termination of supervised release, the record here provides no indication of the kind of "exceptionally good behavior" that can "[o]ccasionally" warrant early termination. See *Lussier*, 104 F.3d at 36.

*Second*, the defendant's supervised release conditions are minimal and he provides no reason to believe they are at all interfering with his ability to adjust to society. The Government understands, from conferring with the defendant's assigned Probation Officer, that the defendant is assigned to the "Low Intensity Unit," which means that he is not required to attend any in-person meetings with the Probation Office, and does not receive at-home visits from Probation. Instead, he is simply required to log onto Probation's online system once per month to provide basic proof of his ongoing compliance and employment. Such conditions are not "unduly burdensome to such an extent that [they] no longer serve[] this Court's original punishment goals." *United States v. Rasco*, No. 88 Cr. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000) (noting that "a monthly telephone call to his supervising officer" is "quite manageable"); *see also Sam*, 2017 WL 455511, at *2 ("Moreover, this is not a case where the defendant has pointed to any restrictions on her as a result of the term of supervised release that interfere in any way with her rehabilitation."). Nowhere in his motion does the defendant suggest that his current supervised release conditions infringe on his ability to maintain gainful employment or to meaningfully enjoy any other aspect of his life. *Pena*, 2022 WL 2733871, at *1 (denying early termination where "there is no indication that his supervised release interferes with his occupation"); *see also Mejia*, 2025 WL 3779083, at *3 ("Finally, there is no reason to conclude that the conditions of Mr. Mejia's supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society.").

*Finally*, early termination would upend the reasonable balance the Court struck at sentencing. As the Court explained at sentencing, the defendant engaged in incredibly serious and dangerous conduct for a sustained, seven year period. (Dkt. 78 at 13, 25). The defendant trafficked dozens of kilograms of deadly drugs into New York City, and used sophisticated methods to hide his drug-dealing, including the use of corporations and corporate bank accounts. The Court imposed a below-Guidelines sentence of 150 months, to be followed by the mandatory minimum term of supervised release of five years. The Court should not now upset the balance it struck at sentencing between the below-Guidelines sentence it imposed to be followed by a substantial period of supervised release.

## IV. Conclusion

The defendant is currently serving part of the sentence imposed on him by the Court. He has provided no valid basis for early termination of supervision. The Court should deny the defendant's motion and require him to serve the remainder of his term of supervised release.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for
the Southern District of New York

By: /s/
Lara Pomerantz
Assistant United States Attorney
(212) 637-2343

cc: Steven Williams (via mail)